UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
BETTY CLAYTON,                 )
                               )
          Plaintiff,           )
                               )
          v.                   )    Civil Action No. 11-1889 (RWR)
                               )
DISTRICT OF COLUMBIA, et al.,  )
                               )
          Defendants.          )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Betty Clayton brought suit against the District of Columbia ("District") and the District of Columbia National Guard ("DCNG"), alleging that the District violated D.C. law by retaliating against her for making protected disclosures and for engaging in other protected conduct, and that the defendants violated the United States Constitution by depriving her of her property interest in her employment without due process. Clayton moves under Federal Rule of Civil Procedure 15 for leave to amend her complaint. Because the District does not oppose Clayton's motion to amend, Clayton's motion for leave to amend her complaint will be granted as to the claims against the District, except as to those claims in Counts Three, Four, and Five that reassert claims previously dismissed. Clayton's motion for leave to amend her complaint to add Title VII claims against the DCNG will be granted as those claims are sufficiently pled, but her

motion to reallege claims against the DCNG in Counts Four and Five that have been previously dismissed will be denied.

## BACKGROUND

The background of this case is discussed more fully in Clayton v. District of Columbia, 931 F. Supp. 2d 192 (D.D.C. 2013). Briefly, Clayton alleges that she was the Director of the D.C. Government Operations Division of the District of Columbia National Guard. Id. at 197. Her complaint avers that "[t]he D.C. Government Operations Division is simultaneously a Directorate within Joint Force [Headquarters], DC National Guard and an agency of the Government of the District of Columbia." Id. (internal quotation marks omitted). However, while the DCNG is a federal entity, id. at 200, and "the Commanding General of the DCNG . . . is a federal employee of the Department of Defense[,]" id. at 197, the District views "the Director of the Government Operations Division [as] a District employee who is subject to the personnel rules, regulations, laws and the policy of the District[,]" id. at 198 (internal quotation marks omitted).

Clayton alleges that while serving as the Director, she reported several incidents of unlawful conduct within the DCNG, such as fraud, waste, abuse, and sexual harassment allegations. Id. at 197-98.

When Clayton was appointed, the Director of the D.C. Government Operations Division was a Career Service position.[1] Id. at 197.  However, the position was later reclassified as an at-will, Management Supervisory Service ("MSS") position[2] under D.C. Code § 1-609.58(a).[3]  See id. at 199.  Shortly after Clayton's position was reclassifed an MSS position, Clayton received notice that she was being terminated without cause.  Id.

Clayton filed a five-count amended complaint against the District and the DCNG.  "Although Clayton's amended complaint appears to allege all five counts against the District and the

_____

[1] "A Career Service employee can be terminated only for cause, and such terminations are subject to appeal to the District's Office of Employee Appeals ('OEA')."  Clayton, 931 F. Supp. 2d at 197 n.4 (internal quotation marks omitted).

[2] A "management employee" is "any person whose functions include responsibility for project management and supervision of staff and the achievement of the project's overall goals and objectives."  D.C. Code § 1-614.11.

[3] D.C. Code § 1-609.58(a) provides:

Persons currently holding appointments to positions in the Career Service who meet the definition of "management employee" as defined in § 1-614.11(5) shall be appointed to the Management Supervisory Service unless the employee declines the appointment.  Persons declining appointment shall have priority for appointment to the Career Service if a vacant position for which they qualify is available within the agency and is acceptable to the employee.  If no such vacant position is available, a 30-day separation notice shall be issued to the employee, who shall be entitled to severance pay in the manner provided by § 1-624.09.

D.C. Code § 1-609.58.

DCNG," Clayton later asserted that her claims against the DCNG
were pled in Counts Four and Five.  Id. at 197 n.2.  Count Four
alleged "that the District and the DCNG violated Clayton's
constitutional due process rights by depriving Clayton of her
protected property interest in her employment and right to seek
review of any termination of her employment with the Office of
Employee Appeals ('OEA') without due process, and seeks money
damages for the constitutional violation."  Id. at 199.  "Count
Five [sought] a declaratory judgment that D.C. Code § 1-609.58(a)
is unconstitutional on its face and as applied."  Id.

        The DCNG moved under Federal Rule of Civil Procedure
12(b)(1) to dismiss the counts against it.  The motion was
granted on the ground that the claims against the DCNG in Counts
Four and Five were barred by sovereign immunity.  Id. at 199-201.

        The District also filed a motion to dismiss under Rule
12(b)(6).  The motion was granted as to Count Three because
Clayton failed to state a claim of wrongful termination.  Id. at
204-05.  The motion was granted as to Count Four because Clayton
did not plead sufficient facts to establish that she was denied
due process when the Director position was reclassified as an MSS
position, and because she did not have a property interest in her
job at the time she was terminated.  Id. at 205-06.  Finally, the
motion was granted as to Clayton's facial challenge to D.C. Code

§ 1-609.58(a) in Count Five for failure to state a due process claim.[4]  Id. at 207.

Clayton now moves to amend her complaint again.  Clayton's proposed second amended complaint realleges the same facts raised in her first amended complaint and reasserts the same five claims against the same defendants as she did in her first amended complaint.[5]  The proposed amended complaint also adds two new claims alleging retaliation and sex discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., presumably against both the DCNG and the District.

The District does not oppose Clayton's motion to amend the complaint.  However, the DCNG argues that Clayton's motion should be denied as to the claims against the DCNG because the proposed amended complaint reasserts claims the court has already dismissed, and thus granting leave to amend would be futile.[6]

---

[4]  Clayton's as-applied constitutional challenge survived. Id. at 205 n.12.

[5]  Clayton does, however, make a superficial edit in paragraphs 90 and 97: she now explicitly requests "all available statutory and equitable relief" for Counts One and Two.  Compare Am. Compl. ¶¶ 90, 97 (requesting "such other and further relief this Honorable Court determines just and equitable"), with Proposed 2d Am. Compl. ¶¶ 90, 97 (requesting "such other and further relief this Honorable Court determines just and equitable, including all available statutory and equitable relief" (emphasis added)).

[6]  The DCNG is no longer a party in this action and might not have expected to respond to Clayton's motion to file a

The DCNG further argues that Clayton's claims under Title VII are also futile because she is not an employee, applicant for employment, or former employee of the DCNG and is unprotected by Title VII.

## DISCUSSION

After the time to amend her complaint as a matter of course has expired, a plaintiff may amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be freely given unless there is a good reason, such as futility, to the contrary." Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Accordingly, "a court should 'determine the propriety of amendment on a case by case basis, using a generous standard[.]'" Commodore-Mensah v. Delta Air Lines, Inc., 842 F.

---

second amended complaint. See 67A C.J.S. Parties § 86 ("After dismissal, a party has no right to submit motions or objections relative to matters in the case."); cf. Motion Practice, 9-80 (David F. Herr et al., eds., 5th Ed. Supp. 2012) ("If a motion seeks leave to amend to name additional parties, those parties are not entitled to notice and they have no absolute right to participate in the motion hearing until they are formally added to the litigation through a granted amendment. . . . [T]hey have no standing under Rule 15 to object."). However, because the DCNG was previously a party to the suit and could have filed a motion to intervene to oppose further amendment, its opposition has been considered. See Fed. R. Civ. P. 24(b); see e.g., Perkumpulan Investor Crisis Ctr. Dressel--WBG v. Wong, No. C09-1786-JCC, 2013 WL 1192626, at *5 (W.D. Wash. March 22, 2013) (considering a proposed defendant's objections "given that he could have filed a motion to intervene for the limited purpose of opposing Plaintiff's motion").

Supp. 2d 50, 52 (D.D.C. 2012) (quoting <u>Harris v. Sec'y, U.S. Dep't of Veterans Affairs</u>, 126 F.3d 339, 344 (D.C. Cir. 1997)). "Futile amendments 'restate[] the same facts as the original complaint in different terms, reassert[] a claim on which the court previously ruled, fail[] to state a legal theory or could not withstand a motion to dismiss.'" <u>Saint-Jean v. District of Columbia</u>, 844 F. Supp. 2d 16, 20 (D.D.C. 2012) (quoting <u>Pietsch v. McKissack & McKissack</u>, 677 F. Supp. 2d 325, 328 (D.D.C. 2010)); <u>see also</u> <u>Hettinga v. United States</u>, 677 F.3d 471, 480 (D.C. Cir. 2012).

A party can move to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the factual allegations stated in a plaintiff's complaint "must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint must be construed in the light most favorable to the plaintiff and "the court must assume the truth of all well-pleaded allegations." <u>Warren v. District of Columbia</u>, 353 F.3d 36, 39 (D.C. Cir. 2004).

The defendant bears the burden of demonstrating that a plaintiff's motion to file an amended complaint should be denied. <u>Afram v. United Food & Commercial Workers Unions & Participating</u>

Employers Health & Welfare Fund, Civil Action No. 12-1389 (RWR), 2013 WL 3974096, at *1 (D.D.C. Aug. 5, 2013).

The DCNG argues that any attempt by Clayton to revive her claims against the DCNG that were previously dismissed should be denied.  Clayton's claims against the DCNG in Counts Four and Five of her amended complaint were dismissed because they were barred by sovereign immunity.  In her proposed second amended complaint, Clayton again alleges these claims but does not provide additional argument or support to establish that this court has subject matter jurisdiction over Counts Four and Five against the DCNG.  See Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004).  Because these claims have already been dismissed, Clayton's motion to reallege Counts Four and Five against the DCNG will be denied.

Similarly, Clayton's motion attempts to revive her claims against the District that were previously dismissed.  Clayton's wrongful termination and due process claims, as well as her claim for a declaratory judgment that D.C. Code § 1.609-58 is facially unconstitutional, were all dismissed for failure to state a claim.  However, Clayton's amended complaint does not add any new factual allegations to remedy these shortcomings.  Accordingly, because these claims have already been dismissed, Clayton's motion to reallege Counts Three and Four and the facial

constitutional challenge in Count Five against the District will be denied.

The DCNG also argues that allowing Clayton to amend her complaint to add new Title VII claims against it would be futile because the DCNG was not Clayton's employer when the allegedly discriminatory conduct occurred.

Title VII prohibits "an employer" from discriminating against "any individual with respect to [her] compensation, terms, conditions, or privileges of employment" on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). Section 704(a) of Title VII also makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment . . . , because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). Finally, Title VII also protects federal government "employees or applicants for employment . . . from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). While individuals without a direct employment relationship with the federal agency are not protected by Section 2000e-16, Spirides v. Reinhardt, 613 F.2d 826, 829-30 (D.C. Cir. 1979) (explaining that the protection in § 2000e-16(a) extends only to an employee, former employee, or applicant for

employment), an employee can have joint employers for the purpose of Title VII, see, e.g., Harris v. Attorney General of the U.S., 657 F. Supp. 2d 1 (D.D.C. 2009). To determine the employment status of the plaintiff, the court must look to "traditional agency law principles." Id. at 9 (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992)). For a single employer, the court should examine "the extent of the employer's right to control the 'means and manner' of the worker's performance." Spirides, 613 F.2d at 831. If the plaintiff could be a joint employee, the court looks to "whether defendant 'retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer.'" Harris, 657 F. Supp. 2d at 9 (quoting NLRB v. Browning-Ferris Indus. of Pa., Inc, 691 F.2d 1117, 1123 (3d Cir. 1982)). The plaintiff's employment status is not determined by who provided the employee's paycheck, or administered the employee's benefits. Id. at 12-13.

The DCNG fails to carry its burden of proving that it would be futile to allow Clayton to amend her complaint by adding Title VII claims. While Clayton must have been an employee of the DCNG to sue the DCNG under Title VII, the DCNG fails to demonstrate that Clayton's proposed second amended complaint does not allege sufficient facts to show that Clayton was either an employee of DCNG or a joint employee of the District and the DCNG.

Plaintiff's proposed amended complaint sufficiently pleads that the DCNG maintained some control over both the means and manner as well as the terms and conditions of Clayton's employment, thus making relief plausible. For example, Clayton alleges that Colonel Ronald Stamps of the DCNG was involved in hiring Clayton, Proposed 2d Am. Compl. ¶ 7, General Schwartz of the DCNG completed Clayton's performance evaluations, id. ¶ 10, and Clayton reported to both General Schwartz and D.C. agency officials during her employment, id. ¶ 13. In addition, Clayton alleges that "DC Government Operations is simultaneously a Directorate within Joint Force Head Quarters, DC National Guard and an agency of the Government of the District of Columbia." Id. ¶ 9. Clayton's proposed amended complaint also alleges that General Schwartz, as the head of the DCNG, has "supervisory authority" over D.C. employees of the DCNG, id. ¶ 84, and can "participate in the hiring process and confer on disciplinary actions," id. ¶ 83. Finally she alleges that General Schwartz has "independent authority to initiate remedial or disciplinary measures against Government Operations Division Personnel." Id. ¶ 84. Thus, because Clayton has amply pled that the DCNG maintained control over Clayton's employment, she has sufficiently pled facts that permit her to sue the DCNG under Title VII. Therefore, Clayton's motion to add two Title VII claims will be granted.

CONCLUSION AND ORDER

The District does not oppose Clayton's motion for leave to amend the complaint, and Clayton has sufficiently pled grounds for her retaliation and discrimination claims under Title VII against the DCNG.  However, Counts Three, Four, and Five reassert claims that were previously dismissed against the District, and Counts Four and Five reassert claims that were previously dismissed against the DCNG.  Accordingly, it is hereby

ORDERED that Clayton's motion [40] for leave to file a second amended complaint be, and hereby is, GRANTED IN PART and DENIED IN PART.  Clayton's motion to amend is granted except as to her claims in Counts Three and Four, and her claim against the DCNG and her facial constitutional challenge in Count Five.  The Clerk is directed to file as the second amended complaint the attachment to Clayton's motion for leave to amend her complaint [40-3].  It is further

ORDERED that the Clerk reinstate the DCNG as a defendant in this matter.

SIGNED this 21st day of November, 2013.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge