IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY CLAYTON, | ) |
| Plaintiff, | ) |
| v. | ) Case 1:11-cv-01889 (RDM) |
| DISTRICT OF COLUMBIA and DISTRICT OF COLUMBIA NATIONAL GUARD, | ) |
| Defendants. | ) |

## DCNG'S RESPONSE TO PLAINTIFF STATEMENT OF MATERIAL FACT

Defendant, District of Columbia National Guard (DCNG), respectfully submits this response to Plaintiff's statement of material facts in support of her response to Defendant's motion for summary judgment ("Plaintiff's Statement"). DCNG properly filed a Statement of Undisputed Material Fact ("DCNG Statement") (ECF. No. 96-1). Plaintiff 's statement does not comply the Court's Local Civil Rule 7(h)(1) requirement to provide a "concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." (*See* ECF No. 106, pp. 82-104.) Rather Plaintiff submitted a Statement containing 117 paragraphs of additional facts. These 117 paragraphs do not directly address the undisputed facts contained in DCNG's Statement. Nor does her Statement purport to identify genuine issues in dispute that could prevent summary judgment. Further, many of the facts are immaterial to DCNG's pending Motion for Summary Judgment, although they may be material to the pending District of Columbia's Motion for Summary Judgment.

Because Plaintiff did not file a Cross-Motion for Summary Judgment, her Statement is not contemplated under the Rules, *see* Fed. R. Civ. P. 56; LCvR 7, and only serves to confuse the issues. However, to provide clarity to the Court, DCNG provides this response to categorize and respond to Plaintiff's Statement.

    A. DCNG's Statement of Undisputed Material Facts.

Plaintiff does not directly address any of the 64 facts listed by DCNG in its Statement (*See* ECF No. 96-1). However, based upon a review of Plaintiff's Statement, Plaintiff appears to respond to DCNG's Statement as follows.

        1. Plaintiff admits facts in DCNG's Statement: 3, 7, 11, 13, 19, 21, 33, 35, 37, 44, 48, 53, 56, and 61.

        2. Plaintiff fails to address the following facts in DCNG's statement at all, and therefore, they should be considered undisputed: 1, 2, 6, 9, 10, 12, 14, 15, 16, 17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 36, 39, 40, 41, 42, 43, 45, 46, 47, 49, 51, 52, 55, 57, 58, 59, 60, 62, 63, and 64.

        3. Plaintiff appears to tangentially discuss the following facts in DCNG's statement; however, nothing Plaintiff states rises to the level of a genuine issue: 4, 5, 8, 38, 50, and 54.

    B. Plaintiff's Statement of Material Fact

Although Plaintiff's is not contemplated by the Local Civil Rules, to assist the court, DCNG categorizes its response to the 117 paragraphs of facts in Plaintiff's Statement as follows.

1. Facts in Plaintiff's Statement that DCNG does not dispute[1]: 2, 3, 5, 7, 8, 13, 14, 15, 16, 19, 21, 24, 26, 27, 29, 30, 32, 34, 40, 41, 43, 45, 53, 56, 57, 59, 61, 62, 63, 65, 68, 69, 71, 72, 75, 77, 78, 79, 80, 81, 82, 84, 85, 87, 91, 92, 93, 94, 95, 96, 98, 100, 101, 102, 103, 104, 105, 107, 110, 112, and 115.

2. Facts in Plaintiff's Statement that DCNG disputes as being mischaracterizations because Plaintiff either does not cite any evidence, cites unsupportive evidence, or simply provides an argument: 58 (no evidence cited), 88 (argument), 113 (no dispute as to the evidence, but argumentative), and 114 (evidence cited by Plaintiff does not state what is claimed).

3. Facts in Plaintiff's Statement that are immaterial to the pending Motion for Summary Judgement filed by DCNG[2]: 9, 12, 17, 22, 23, 28, 33, 36, 38 (contains speculation), 48, 49, 50, 70, 76, 106 (contains speculation), 108 (contains speculation), and 117.

4. The remaining facts in Plaintiff's Statement DCNG does not dispute the evidence cited, however, a review of the evidence does not create a genuine issue of material fact. Rather, Plaintiff improperly characterizes the evidence in an attempt to create confusion: 1, 4, 6, 10, 11, 20, 25, 31, 35, 37, 39, 42, 44, 46, 47, 49, 51, 52, 54, 55, 64, 66, 67, 70, 73, 74, 83, 86, 89, 90, 97, 99, 109, 111, and 116. For example:

   a. Plaintiff Para. 1. Plaintiff claims "COL Stamp oversaw both federal and DC employees," citing Stamp's deposition. However, COL Stamps testified that

---

[1] DCNG does not dispute for purposes of the pending Motion for Summary Judgment. DCNG reserves the right to dispute these facts at trial.

[2] These "facts" may be listed to respond to the District's Motion for Summary Judgment but are immaterial to the pending Motion for Summary Judgment filed by DCNG.

3

while he maintained lists that may have included District of Columbia (District) employees, with regard to District employees, he only knew who was onboard and where they were assigned. (ECF No. 107-1, Stamps Depo., 14:11-15:11.) He further testified that he only had authority over the federal technicians and the Active Guard Reserve personnel in the DCNG. (*Id.*, Stamps Depo. 30:6-20.)

    b. Plaintiff Para. 4. Plaintiff states DC formally processed and appointed Plaintiff to the position. However, the evidence cited shows DC *approved*, processed and appointed Plaintiff to the position. (*See* Stamps Depo. at 30:6-20; Stamps 3/13/08 Memo. ("Placement into the position is contingent upon meeting all the requirements for the District of Columbia Government Operations and their Human Resources contingency.").)

    c. Plaintiff Paras. 9 and 10. Plaintiff states she "reported" to General Schwartz. But, evidence shows that she had to keep DCNG leadership informed. (ECF No. 96-1, DCNG Statement, ¶¶ 15, 16, 18, 20, 21, 23, 24.)

    d. Plaintiff Paras. 11 and 67. Plaintiff states General Schwartz could initiate disciplinary action. However, the evidence shows General Schwartz could only initiate disciplinary action over District employees if the personnel problem rose to the level where it impacted the readiness of the National Guard. (Nickles's Op., at. 2);

    e. Plaintiff Para. 20. Plaintiff's wording specifically omits that DCNG cannot investigate a District employee without permission and coordination of the District. (DCNG Statement, ¶ 19.)

f. Plaintiff Para. 25. Plaintiff states DCNG was "closely involved in the Clipper matter" without any evidence. The rest of the paragraph is admitted in that the DC Office *referred* matters to DCNG.

g. Plaintiff Para. 44. Plaintiff statement implies that MG Schwartz and COL Forrest knew of Plaintiff's involvement in Jones' discrimination complaint prior to Plaintiff filing her judicial complaint, which is inaccurate. (Forrest 30(b)(6) Depo., 32:18-33:15, DEX A; Schwartz Depo., 96:11-18, DEX R.)

h. Plaintiff Para. 49. Plaintiff's wording implies that DC did not have jurisdiction to investigate Jones. The evidence however, shows that SMSgt Martin told District OHR that it did not have jurisdiction to investigate MG Schwartz. (Pl.'s Ex. 43.)

i. Plaintiff Para. 109. Plaintiff asserts that the "cooperation" was not related to Ms. Clipper. However, the evidence cited by Plaintiff (Gregory Depo) shows that, Ms. Gregory testified that she did not recall whether one of the issues was Clipper's termination but does recall District counsel expressing frustration that it took Plaintiff almost a year to issue Clipper a notice of termination. (Gregory Depo at 137:15-138:5.)

Respectfully submitted this 16 day of March 2018.

Respectfully submitted,

JESSIE K. LIU
D.C. Bar #472845
United States Attorney
District of Columbia

Daniel F. Van Horn

5

                D.C. Bar #924092
                Chief, Civil Division

By:    */s/ Shanna Laura Cronin*
        Shanna L. Cronin
        Special Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-2574 (phone)
        (202) 252-2599 (fax)
        shanna.cronin@usdoj.gov