**Defendant District of Columbia's Reply to**
**Plaintiff's Statement of Material Facts in Support of Response to Defendants' Motions for Summary Judgment**

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 1 | In the 2007-2010 timeframe Colonel Ronald Stamps was the Human Resources Officer (HRO) for DCNG. Stamps Depo., at 12:8-17 **(Ex. 1)**. He was directing human resources and oversaw personnel, budget, and financing. Stamps Depo., at 12:19-13:6 **(Ex. 1)**. He oversaw both federal and DC employees. Stamps Depo., at 13-14 **(Ex. 1)**. | **Undisputed and immaterial.** Col. Stamps's position and duties are not material to the resolution of the District's motion. |
| Clayton SMF No. 2 | After the former Director of Government Operations, Anthony Devassey, was removed, a board of DCNG personnel was convened to make a recommendation on the hiring of a replacement. Stamps Depo., at 28-29; 32-33 **(Ex. 1)**. Ms. Clayton's first interview was with a panel of DCNG employees. Clayton Depo., at 10-11 **(Ex. 14)**. After her initial interview, she had a follow-up interview with General Schwartz. Clayton Depo., at 13-15 **(Ex. 14)**. | **Undisputed and immaterial.** Plaintiff's hiring process with DCNG is not material to the resolution of the District's motion. |
| Clayton SMF No. 3 | On or about March 13, 2008 Colonel Stamps advised Ms. Clayton that she was selected to the position, contingent upon DC approval. Stamps Depo. Ex. 2 **(Ex. 3)**. Ms. Clayton formally accepted the position by written correspondence on March 26, 2008. Stamps Depo. Ex. 3 **(Ex. 4)**; Clayton Depo. Exs. 1-3 **(Ex. 15-17)**. | **Undisputed and immaterial.** Plaintiff's hiring process is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 4 | Colonel Stamps forwarded Ms. Clayton's acceptance of the position to DC, Stamps Depo., at 45:22-46:1 **(Ex. 1)**, and DC formally processed and appointed Ms. Clayton to the position. Stamps Depo., at 30 **(Ex. 1)**. | **Undisputed and immaterial.** Plaintiff's hiring process is not material to the resolution of the District's motion. |
| Clayton SMF No. 5 | Ms. Clayton was hired as a career service employee. Brown, DC Corp. Designee Depo., at 19:7-12 **(Ex. 12)**; Ricket Depo., at 27:22-28:9 **(Ex. 10)**. When Ms. Clayton accepted the position, she likewise understood it was a Career Service position. Clayton Depo., at 152:6-9; 222:10-23 **(Ex. 14)**. | **Undisputed.** The District does not dispute that plaintiff was hired as a Career Service employee and that she understood the position to be Career Service. |
| Clayton SMF No. 6 | In 2008, right around the time of Ms. Clayton's hire, Errol Schwartz became the commanding general of DCNG, the highest ranking official in the agency. Schwartz Depo., at 25:4-10 **(Ex. 20)**. Prior to this, since 2003, General Schwartz became the Adjutant General, the second highest ranking official at DCNG. Schwartz Depo., at 24:13-15 **(Ex. 20)**. He retired on February 21, 2017 when the President accepted his resignation. Schwartz Depo., at 9:13; 10:1-11:11 **(Ex. 20)**. | **No genuine dispute.** Gen. Schwartz's employment history with DCNG is not material to the resolution of the District's motion. Accordingly, plaintiff does not dispute that she and Anthony Devassey worked under different commanding generals while serving as director. *See* District of Columbia's Statement of Material Facts (DC SMF) ¶ 14. |

**Defendant District of Columbia's Reply to**
**Plaintiff's Statement of Material Facts in Support of Response to Defendants' Motions for Summary Judgment**

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 7 | The DCNG essentially consists of three components: the Air Force, the Army, and DC government employees. Schwartz Depo., at 25:11-27:6 **(Ex. 20)**. | **Undisputed and immaterial.** The DCNG's composition is not material to the resolution of the District's motion. |
| Clayton SMF No. 8 | Colonel Stamps confirmed his understanding from the 2008-2010 timeframe was that the DC Government Operations is simultaneously a Directorate within Joint Force Head Quarters, DC National Guard and an agency of the Government of the District of Columbia. Stamps Depo., at 62:21-63:9 **(Ex. 1)**. | **Undisputed and immaterial.** Col. Stamps's understanding "that the DC Government Operations is simultaneously a Directorate within Joint Force Head Quarters, DC National Guard and an agency of the Government of the District of Columbia" is not material to the resolution of the District's motion. |
| Clayton SMF No. 9 | Ms. Clayton reported to the Commanding General – General Schwartz. Ricket Depo., at 30:14-31:1 **(Ex. 10)**; Schwartz Depo., at 73:11-13 **(Ex. 20)**; Gregory Depo., at 95:19-25 **(Ex. 33)**. | **No genuine dispute.** The District does not dispute that plaintiff reported non-exclusively to Gen. Schwartz.<br><br>**No material dispute.** Whether plaintiff reported exclusively (or non-exclusively) to Gen. Schwartz is not material to the resolution of the District's motion. |

**Defendant District of Columbia's Reply to**
**Plaintiff's Statement of Material Facts in Support of Response to Defendants' Motions for Summary Judgment**

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 10 | Moreover, while she was employed to work at the DCNG, he continued to be her supervisor at the time of her termination. Schwartz Depo., at 75:5-11 **(Ex. 20)**. DC's Corporate Designee confirmed that both before and after the Attorney General's opinion letter Ms. Clayton reported to both the commanding general and the mayor and city administrator. Thompson, DC Corp. Designee Depo., at 61:13-16; 62:21-63:17**(Ex. 38)**. | **No genuine dispute.** The District does not dispute that both before and after the letter, Gen. Schwartz had the ability to confer with District officials on District personnel matters.<br><br>**No material dispute**. The commanding general's ability to confer and participate in personnel matters is not material to the resolution of the District's motion. |
| Clayton SMF No. 11 | Both before and after the opinion, the commanding general was free to confer with DC on personnel decisions, could participate in disciplinary actions, and even initiate it. Thompson, DC Corp. Designee Depo., at 63:18-65:5 **(Ex. 38)**. | **No genuine dispute.** The District does not dispute that both before and after the letter, Gen. Schwartz had the ability to confer with District officials on District personnel matters.<br><br>**No material dispute.** The commanding general's ability to confer and participate in personnel matters is not material to the resolution of the District's motion. |
| Clayton SMF No. 12 | It was commonplace for federal employees to supervise employees of the District of Columbia government. Schwartz Depo., at 29:6-13. **(Ex.20)** General Schwartz previously approved, and signed off on, incentive awards for DC employees. Schwartz Depo. Ex. 24A **(Ex. 28)**. The Government Operations Division utilized DOD letterhead for this purpose. *Id.* DCNG obtains its funding from the DC Council. *E.g.* Schwartz Depo. Ex. 25A **(Ex. 29)**. | **Undisputed** as to federal employees supervising District employees, Government Operations Division using DOD letterhead, and DCNG's funding from the Council.<br><br>**No genuine dispute** as to Gen. Schwartz "previously approv[ing], and sign[ing] off on, incentive awards for DC employees." Gen. Schwartz testified that he "approv[ed] the recommendation from [plaintiff] … as to the outlay of awards for District of Columbia Government Operations Personnel." DC MSJ Ex. 2 (Schwartz Dep. Tr.) at 143:13–144:18. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | | **No material dispute**. The supervision of District employees by federal employees, Gen. Schwartz's involvement with incentive awards, the documents Gen. Schwartz reviewed for that purpose, and the source of DCNG's funding are not material to the resolution of the District's motion. |
| Clayton SMF No. 13 | General Schwartz appraised and reviewed Ms. Clayton's employment performance, Schwartz Depo., at 69:12-70:20 **(Ex. 20)**, and completed her performance review. Schwartz Depo. Ex. 9.2 **(Ex.21).** | **Undisputed and immaterial.** Plaintiff's September 2009 performance evaluation is not material to the resolution of the District's motion. |
| Clayton SMF No. 14 | General Schwartz confirmed that "Mrs. Clayton did a great job as the Director of D.C. Government Operations." Schwartz Depo., at 77:16-18 **(Ex. 20)**. He awarded her the highest possible rating, a flawless 5 out 5 in every performance review category. Schwartz Depo., at 77:19-78:5 **(Ex. 20)**; Schwartz Depo. Ex. 9 **(Ex. 21)**. These included perfect, "Significantly Exceeds Expectations," marks in each of the categories: Communication, Customer Service, Dependability, Flexibility/Adaptability, Initiative, Integrity and Trust, Job Knowledge, Professionalism, Resource Usage, Teamwork, Conflict Management, | **Undisputed and immaterial.** The contents of plaintiff's September 2009 performance evaluation are not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | Leadership, Managing People, Operations Planning and Evaluating, and Strategic Planning. Schwartz Depo. Ex. 9 **(Ex. 21)**; Schwartz Depo., at 75:17-78:5; 79:21-93:21 **(Ex. 20)**. | |
| Clayton SMF No. 15 | General Schwartz testified that Ms. Clayton's performance was the top possible, significantly exceeded expectations, Schwartz Depo., at 78:6-12 **(Ex. 20)**, and that remained so for the remainder of Ms. Clayton's employment at DCNG. Schwartz Depo., at 78:13-79:20 **(Ex. 20)**. | **Undisputed and immaterial.** Gen. Schwartz's evaluation of plaintiff's performance is not material to the resolution of the District's motion. |
| Clayton SMF No. 16 | General Schwartz's Chief of Staff, and the second highest official at the DCNG during this time frame, General Kenny Ricket, also expected Ms. Clayton to get a good appraisal because she was "an excellent employee." Ricket Depo., at 33:4-11 **(Ex. 10)**. General Ricket agreed with the ratings and comments submitted by General Schwartz. Ricket Depo., at 33-38 **(Ex. 10)**. Colonel Stamps also had no complaints and never received any complaints about Ms. Clayton's job performance. Stamps Depo., at 126:16-127:7 **(Ex. 1)**. | **Undisputed and immaterial**. The expectations and opinions about plaintiff's performance and evaluation are not material to the resolution of this motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 17 | DC had no complaints about Ms. Clayton's job performance. Brown, DC Corp. Designee Depo., at 110:2-4 **(Ex. 12)**. Ms. Clayton had no negative employment appraisals, the only employment appraisal was "overwhelmingly positive," "she was never placed on a performance improvement plan, [it] did not formally counsel her to improve performance, and [it] did not start any grievances or discipline." Thompson, DC Corp. Designee Depo., at 35:6-36:3 **(Ex. 38)**. | **Undisputed and immaterial** as to the contents of plaintiff's September 2009 performance evaluation or that she was never placed on a performance improvement plan, and the District refers the Court to plaintiff's Exhibit 21 for the best evidence of its content.<br><br>**No genuine dispute**. The District does not dispute that it did not receive "complaints" about plaintiff's job performance—it repeatedly advised plaintiff not to use federal letterhead when proposing or initiating personnel actions against District employees, and plaintiff's failure to do so ultimately came to the attention of the Office of the City Administrator. *See* DC SMF ¶¶ 37–39, 42. |
| Clayton SMF No. 18 | Ms. Clayton did not receive any negative reviews from any supervisors. Thompson, DC Corp. Designee Depo., at 98:1-3 **(Ex. 38)**. Likewise, there are no memoranda or other writings showing that Ms. Clayton was no longer significantly exceeding expectations. Thompson, DC Corp. Designee Depo., at 98:4-13 **(Ex. 38)**. If there had been, they would have been included in her employment file. Thompson, DC Corp. Designee Depo., at 98:15-21 **(Ex. 38)**. | **No genuine dispute.** The District does not dispute the contents of plaintiff's only performance evaluation, *i.e.*, Gen. Schwartz's 2009 evaluation, or her employment file.<br><br>**No material dispute**. The contents of plaintiff's performance evaluation and employment file are not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 19 | Ms. Clayton also had a positive reputation for truthfulness and honesty. Ricket Depo., at 74:1-2 **(Ex. 10)**; Schwartz Depo., at 221:4-222:6 **(Ex. 20)**. | **Undisputed and immaterial.** Plaintiff's reputation for truthfulness and honesty is not material to the resolution of the District's motion. |
| Clayton SMF No. 20 | Pursuant to charges set forth by Ms. Clayton, Stamps Depo., at 100-101**(Ex. 1)**, Colonel Stamps was appointed to conduct an AR15-6 investigation of Ms. Clipper. Stamps Depo., at 94-96 **(Ex. 1)**; Stamps Depo. Exs. 6-7 **(Ex. 7-8)**. The investigation was approved by General Ricket, *id.*, and concerned misconduct by Ms. Clipper. Stamps Depo., at 94-101 **(Ex. 1)**. | **Undisputed and immaterial.** DCNG's investigation into Charlotte Clipper is not material to the resolution of the District's motion. |
| Clayton SMF No. 21 | At the conclusion of the investigation, in February 2010, General Ricket reviewed and approved of Colonel Stamps' findings and reports, as did General Schwartz. Stamps Depo. Ex. 8 **(Ex. 9)**; Stamps Depo., at 101-102 **(Ex. 1)**. | **Undisputed and immaterial.** Col. Stamps's findings and any approval by Gen. Ricket and Gen. Schwartz is immaterial to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
| --- | --- | --- |
| Clayton SMF No. 22 | During the intervening period, Ms. Clayton repeatedly attempted disciplinary action against Ms. Clipper, including progressive discipline, Clayton Depo., at 65:4-13 **(Ex. 14)**, and attempted to fire her at least nine different times. Clayton Depo., at 14-18 **(Ex. 14)**. However, each time she received interference. Clayton Depo., at 65-69 **(Ex. 14)**. Ms. Clayton did, however, suspend Ms. Clipper on multiple occasions. Clayton Depo., at 74:17-75:6 **(Ex. 14)**. | **No genuine dispute**. The District does not dispute that plaintiff attempted to take disciplinary action against Clipper.<br><br>**No material dispute**. Plaintiff's previous attempts to take disciplinary action against Clipper are immaterial, and plaintiff's characterization of receiving "interference" is "[s]elf-serving testimony" that "does not create genuine issues of material fact." *Fields v. Office of Johnson*, 520 F. Supp. 2d 101, 105 (D.D.C. 2007). |
| Clayton SMF No. 23 | However, Derrick Savoy, who DC designated as a corporate representative, advised Ms. Clayton that she cannot take administrative action against Ms. Clipper until he completed his investigation. Clayton Depo., at 214:11-22 **(Ex. 14)**; Clayton Depo. Ex. 39 **(Ex. 19)**. Ms. Clayton's understanding was that the investigation was still ongoing in the 2009/2010 timeframe. Clayton Depo., at 215:3-6 **(Ex. 14)**. In fact, it did not close until 2013. Clayton Depo., at 215:1-2 **(Ex. 14).** | **No genuine dispute.** The District does not dispute that plaintiff testified that action against Clipper needed to be delayed or that she believed the investigation was still pending in 2009 or 2010.<br><br>**No material dispute.** The timing and status of Savoy's investigation are not material to the resolution of the District's motion. |
| Clayton SMF No. 24 | DC does not take a position on the DCNG's investigation against Ms. Clipper and whether his report was accurate or inaccurate. Brown, DC Corp. Designee Depo., at 70:15-72:16 **(Ex. 12)**. *See also* Brown, DC Corp. Designee Depo., at 72:20-74:4 **(Ex. 12)**. DC stated that the "investigation was conducted by someone outside of the District of Columbia Government, and we cannot confirm or deny any of his legal conclusions." Brown, DC Corp. | **Undisputed and immaterial.** DCNG's investigation into Clipper, and the District's position on DCNG's investigation, are not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | Designee Depo., at 71:11-14 **(Ex. 12)**. *See also* Brown, DC Corp. Designee Depo., at 72:20-74:4 **(Ex. 12)**. | |
| Clayton SMF No. 25 | DCNG was closely involved in the Clipper matter. In August 2008, the DC Office of the Inspector General informed General Schwartz about the allegations and *referred* them to him for investigation. Schwartz Depo. Ex. 18A **(Ex. 22)**. In June and July 2009, Colonel Thomas Forrest, a JAG attorney, conferred with DC and was closely interested in and discussing the status of Ms. Clipper's employment and status. Schwartz Depo. Ex. 23A **(Ex. 26)**. Ms. Clayton "briefed General Schwartz and General Ricket on this issue." *Id.* | **Undisputed and immaterial.** The investigation of Clipper is not material to the resolution of the District's motion. |
| Clayton SMF No. 26 | At the conclusion of the investigation, in February 2010, Brigadier General Kenny Ricket, a direct report to General Schwartz, delivered to him Colonel Stamps' investigative report. Schwartz Depo. Ex. 19 **(Ex. 23)**. General Schwartz signed General Ricket's Memorandum to him. *Id.* | **Undisputed and immaterial.** The investigation of Clipper is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 27 | In July 2010, Ms. Clayton copied General Schwartz on her proposal to the DC CFO's office to reassign Ms. Clipper away from DCNG. Schwartz Depo. Ex. 23B **(Ex. 27)**. | **Undisputed and immaterial.** Clayton's proposal to reassign Clipper is not material to the resolution of the District's motion. |
| Clayton SMF No. 28 | In February 2011, after the termination of Ms. Clayton, General Schwartz created a memorandum *directing* Herman Preston, Ms. Clayton's successor, to investigate various related matters. Schwartz Depo. Ex. 29 **(Ex. 30)**; 188:7-189:9 **(Ex. 20)**. | **Undisputed and immaterial.** That Gen. Schwartz created such a memorandum or otherwise instructed Preston to investigate anything is not material to the resolution of the District's motion. |
| Clayton SMF No. 29 | Tamara Jones made a sexual harassment complaint against General Schwartz. Sharpe, DC Corp. Designee Depo., at 10:4-16 **(Ex. 43)**. | **No genuine dispute.** The District does not dispute that Tamara Jones made a sexual harassment complaint against Gen. Schwartz in January 2010. *See* DC SMF ¶ 23. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 30 | Ms. Jones reported this to Ms. Clayton, who immediately reported it. Ms. Clayton also referred the matter to a DC HR specialist. Clayton Depo., at 117:16-118:2 **(Ex. 14)**. Ms. Clayton immediately went downtown and met with and reported this to DC OHR. Clayton Depo., at 118:3-20 **(Ex. 14)**; Clayton Depo. Ex. 28 **(Ex. 18)**. Ms. Clayton spoke with and reported to DC OHR in January 2010. Clayton Depo. Ex. 28 **(Ex. 18)**. | **No genuine dispute.** The District does not dispute that plaintiff reported Jones's sexual harassment complaint on January 14, 2010. *See* DC SMF ¶ 23. |
| Clayton SMF No. 31 | After being assisted by Ms. Clayton, DC OHR accepted Ms. Jones' allegation on January 14, 2010. Sharpe Depo. Ex. 3, at 6 **(Ex. 44)**. Sharpe, DC Corp. Designee Depo., at 11-12 **(Ex. 43)**. | **Undisputed and immaterial.** The fact that the D.C. Office of Human Rights (OHR) accepted Jones's complaint is not material to the resolution of the District's motion. |
| Clayton SMF No. 32 | On January 14, 2010, after Ms. Clayton's reporting and meeting with DC HR, Ms. Jones alleged that:<br><br>Sexual Assault against Major General Errol R. Schwartz. I do not recall that date of the incident except that it took place sometime in mid-early 20083 In his office In which he inappropriately touch my buttocks and tried to kiss me. I was fearful of reporting the incident for feet my husband (a disabled vet with the DCNG) would retaliate and that I may face reprisal[.] I also had not gotten my citizenship as yet. The incident that pushed me to | **Undisputed and immaterial.** The contents of Jones's complaint are not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | tell Mrs[.] Clayton and file this complaint is the Commanding General called me to his office and asked me whether I has told anyone of the incident and whether I was going to try to get him fired. He the[n] intimated that over the past 6 years he has been fighting similar cases and that not were successful. This took place on 15 December 2009. Sharpe Depo. Ex. 3, at 6 **(Ex. 44)**. Sharpe, DC Corp. Designee Depo., at 11-12 **(Ex. 43)**. | |
| Clayton SMF No. 33 | Ms. Jones was specifically afraid of reprisals by reporting the sexual harassment matter to DCNG. Sharpe Depo. Ex. 3, at 2 **(Ex. 44)**. | **Undisputed and immaterial.** Jones's feelings about her sexual harassment complaint are not material to the resolution of the District's motion. |
| Clayton SMF No. 34 | General Schwartz, the highest ranking officer at the DCNG was not aware of the protocols to deal with Ms. Jones' sexual harassment complaints. Schwartz Depo., at 200:16-201:4 **(Ex. 20)**. | **Undisputed and immaterial.** Gen. Schwartz's knowledge of DCNG protocols is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 35 | Ms. Clayton provided aid and assistance to Ms. Jones in the sexual harassment matter. Sharpe, DC Corp. Designee Depo., at 41-43 **(Ex. 43)**; Sharpe Depo. Exs. 3, at 5; 6, at 2 **(Ex. 44)**. Brown, DC Corp. Designee Depo., at 36:8-11 **(Ex. 12)**. | **Undisputed.** The District does not dispute that plaintiff assisted Jones with her sexual harassment complaint. *See, e.g.*, DC SMF ¶ 24. |
| Clayton SMF No. 36 | Other than the assistance provided by Ms. Clayton, DC provided no further assistance to Tamra Jones in any way. Brown, DC Corp. Designee Depo. II, at 21:2-23:16 **(Ex. 12)**; Sharpe, DC Corp. Designee Depo. at 43:22-44:8 **(Ex. 43)**; Brown, DC Corp. Designee Depo., at 51 **(Ex. 12)**. | **No genuine dispute.** The record evidence cited in this paragraph does not support plaintiff's characterization. *See* Opp'n Ex. 43 (Sharpe Dep. Tr.) at 43:22–44:3 ("Q: *Other than what you've described to me*, did the District of Columbia provide any further aid and assistance to Tamara Jones in relation to her EEO complaints related to General Schwartz?" (emphasis added)); *see also id.* at 9:21–41:13 (discussing OHR's response to Jones's sexual harassment complaint through that complaint's administrative closure).<br><br>**No material dispute.** In any event, the assistance the District provided to Jones is not relevant to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 37 | Upon these complaints, DCNG attempted to persuade Ms. Jones away from pursuing her complaints: On January 18, 2010, Captain Gladys Lanier of the DCNG attempted to bury the allegations in exchange for obtaining an apology from General Schwartz and confirming Ms. Jones's employment was safe: "Lt Jones, I was wondering if you wanted to try a different approach to this. I suggest that if possible that the General would agree to meet with me and your wife on this matter and get an apology [sic] from him as well as her job being secured, will this be sufficient?" Sharpe Depo. Ex. 7, at 2 **(Ex. 48)**. | **Undisputed and immaterial.** The District does not dispute that Capt. Lanier sent the cited message to Jones's husband; any communications between DCNG and Jones's husband are not material to the resolution of the District's motion. |
| Clayton SMF No. 38 | Sergeant Martin likely discussed the Jones allegations with General Schwartz. Ricket Depo., at 59:9-15 **(Ex. 10)**. | **Undisputed and immaterial.** That Gen. Ricket "think[s]" Sgt. Martin spoke with Gen. Schwartz about Jones's complaint is not material to the resolution of the District's motion; the cited testimony consists of speculation and, as such, is not competent evidence. |
| Clayton SMF No. 39 | DCNG was repeatedly attempting to intervene in this sexual harassment matter, Ms. Jones did not want him involved, but he persisted nonetheless. Sharpe Depo. Ex. 9, at 2 **(Ex. 50)**; Sharpe Depo. Ex. 7 **(Ex. 48)**, at 1. | **No genuine dispute.** The District does not dispute that DCNG had some involvement in Jones's sexual harassment complaint; the District refers the Court to plaintiff's Exhibits 50 and 48, which are the best evidence of their content and which plaintiff mischaracterizes. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | | **No material dispute.** DCNG's involvement in Jones's complaint and Jones's feelings about DCNG's involvement are not material to the resolution of the District's motion. |
| Clayton SMF No. 40 | In January, Sergeant Martin even called Ms. Clayton out by name, questioning whether Ms. Clayton was "advising" Ms. Jones. *Id.* | **No material dispute.** Whether Sgt. Martin, a DCNG employee, mentioned plaintiff's name to Jones is not material to the resolution of the District's motion. |
| Clayton SMF No. 41 | Ms. Jones felt "pressured and uncomfortable, bordering on harassment." *Id.* | **No material dispute.** How Jones felt about Sgt. Martin's interactions with her is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 42 | Ms. Clayton discussed and provided aid and assistance to Ms. Jones in both January 2010 and April 2010. Clayton Depo. Ex. 28 **(Ex. 18)**; Clayton Depo., at 114:8 **(Ex. 14)**. Ms. Clayton calmed the crying Ms. Jones down, advised of her rights as she understood them and offered assistance. Clayton Depo., at 115:24-116:8 **(Ex. 14)**. | **No genuine dispute.** The District does not dispute that plaintiff assisted Jones with reporting Jones's sexual harassment complaint in January 2010, but the record evidence cited does not establish that plaintiff assisted Jones in April 2010. Rather, the evidence reflects that plaintiff's assistance to Jones happened in January 2010 only. *See* DC SMF ¶ 24; *see also* DC MSJ Ex. 1 (Clayton Dep. Tr.) at 159:2–161:19; Ex. 27 (Clayton Dep. Ex. 29); Ex. 28 (Clayton Dep. Ex. 28).<br><br>Plaintiff's statement as to her alleged April 2010 assistance of Jones relies solely on plaintiff's self-serving testimony, which is insufficient to create a genuine issue of material fact, particularly here, where the parties have engaged in extensive discovery and there exists evidence reflecting plaintiff's assistance to Jones in January 2010 but there exists no evidence to corroborate plaintiff assisting Jones in April 2010. *See Burton v. District of Columbia*, 153 F. Supp. 3d 13, 24 (D.D.C. 2015) (noting that a plaintiff's self-serving testimony alone does not create a genuine issue of fact and that the "demand for competent corroborating evidence is particularly pronounced where … the parties have engaged in extensive discovery ….") (citations omitted)), *aff'd sub nom. Nelson v. District of Columbia*, 689 F. App'x 642 (D.C. Cir. 2017); *see also Fields*, 520 F. Supp. 2d at 104–05. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 43 | Ms. Jones permitted Ms. Clayton to refer the matter to a DC HR specialist or EEO officer, which Ms. Clayton did right then. Clayton Depo., at 117:16-118:2 **(Ex. 14)**. Ms. Clayton immediately went downtown and met with and reported this to DC OHR. Clayton Depo., at 118:3-20 **(Ex. 14)**; Clayton Depo. Ex. 28 **(Ex. 18)**. | **No genuine dispute.** The District does not dispute that plaintiff helped Jones with her sexual harassment complaint. |
| Clayton SMF No. 44 | Sergeant Martin and Colonel Dickens approached Ms. Clayton and stated that they "have been huddling with the general, Forrest, Tall, Dickens, and I to see who would get to talk to you about an allegation of sexual harassment." Clayton Depo., at 119:25-120:3 **(Ex. 14)**. | **No genuine dispute.** The record evidence cited for this paragraph consists of self-serving hearsay testimony, which "counts for nothing" at the summary judgment stage. *See Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir 2007); *Burton*, 153 F. Supp. 3d at 24.<br><br>**No material dispute.** The fact that federal DCNG employees discussed Jones's sexual harassment complaint with plaintiff is not material to the resolution of the District's motion. |
| Clayton SMF No. 45 | Sergeant Martin pressed Ms. Clayton for details, specifically asking of Ms. Jones reported the harassment to her. Clayton Depo., at 120:8-22 **(Ex. 14)**. | **No genuine dispute.** The record evidence cited for this paragraph consists of plaintiff's own self-serving testimony and hearsay, which "counts for nothing" at the summary judgment stage. *See Greer*, 505 F.3d at 1315; *Burton*, 153 F. Supp. 3d at 24.<br><br>**No material dispute.** The fact that a federal DCNG employee asked plaintiff about Jones's sexual harassment allegation is not material to the resolution of the District's motion. |

<table>
<tr><th>No.</th><th>Plaintiff's SMF</th><th>DC's Reply</th></tr>
<tr><td>Clayton SMF No. 46</td><td>Similar to the threats to Ms. Jones, on his way out, Sergeant Martin said to Ms. Clayton "I never lose a case." Clayton Depo., at 120:24-25 (Ex. 14).<br><br>On April 8, 2010, the Charge was formally filed on Ms. Jones' behalf, specifically alleging sexual harassment and threatened retaliation by General Schwartz:<br><br>I believe I have been discriminated against in the terms, conditions and privileges of my employment on the bases of my sex (female/sexual harassment/hostile work environment) and retaliation for the following reasons:<br><br>SEXUAL HARASSMENT<br><br>From June 2009 thru August 2009, the Commanding General subjected me to unwelcome comments and inappropriate touching, which I perceived as sexual harassment, I asked the Commanding General to discontinue this behavior, which he did.<br><br>RETALIATION</td><td>Undisputed that Jones filed a Charge of Discrimination on April 8, 2010; the District refers the Court to plaintiff's Exhibit 45, which is the best evidence of its content.<br><br>No genuine dispute as to whether Sgt. Martin made any such statement to plaintiff. Plaintiff's self-serving testimony cited for this paragraph does not support this statement and in any event consists of hearsay, which "counts for nothing" at the summary judgment stage. See Greer, 505 F.3d at 1315; see also Burton, 153 F. Supp. 3d at 24. Neither does the record evidence cited establish any similar threats to Jones.<br><br>No material dispute. Whether Sgt. Martin, a DCNG employee, may have made such a statement to plaintiff is not material to the resolution of the District's motion. That Jones filed a formal Charge of Discrimination is not material to the resolution of the District's motion.</td></tr>
</table>

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | In or around October 2009, I filed an internal EEO Complaint against a co-worker. In November or December 2009, the Commanding General asked me if I was going to report him too and try to get him fired. In December 2009, I was denied training for which I was already registered, that would have afforded me the required credentials for an upcoming promotion. I believe the denial of my training was in retaliation for filing my EEO Complaint.<br><br>Sharpe Depo. Ex. 4 **(Ex. 45)**; Sharpe, DC Corp. Designee Depo., at 15:15-17:5 **(Ex. 43)**; Sharpe, DC Corp. Designee Depo., at 16:15-22 **(Ex. 43)**; Sharpe Depo. Ex. 4 **(Ex. 45)**. | |
| Clayton SMF No. 47 | At the latest, on April 26, 2010, DC delivered to Sergeant Chris Martin and DCNG correspondence related to the Jones sexual harassment Charge and the Charge itself. Sharpe Depo. Ex. .5 **(Ex. 46)**; Brown, DC Corp. Designee Depo., at 47-48 **(Ex. 12)**. | **No material dispute**. The fact that OHR sent a letter to DCNG as part of its investigation into the complaint made by Jones is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 48 | On May 10, 2010, Ms. Jones e-mailed OHR, confirming that she had disclosed the harassment to Ms. Clayton, and also that she had been intimidated and harassed to not pursue it. Sharpe Depo. Ex. 6 **(Ex. 47)**. | **No genuine dispute.** The District does not dispute that Jones emailed OHR about Jones's sexual harassment complaint on May 10, 2010; the District refers the Court to plaintiff's Exhibit 47, which is the best evidence of its contents.<br><br>**No material dispute.** The fact that Jones emailed OHR about Jones's sexual harassment complaint is not material to the resolution of the District's motion. |
| Clayton SMF No. 49 | Chris Martin of the DCNG contacted DC OHR at least four times, Sharpe Depo. Ex. 8 **(Ex. 49)** (noting two messages and one phone call); Sharpe, DC Corp. Designee Depo., at 31:3-6 **(Ex. 43)** (phone call); Sharpe Depo. Ex. 9, at 2 **(Ex. 50)**, and also alleged that DC OHR did not have jurisdiction to investigate the Jones sexual harassment complaint against General Schwartz. Sharpe, DC Corp. Designee Depo., at 17:22-18:3; 19:12-20:16 **(Ex. 43)**. | **No genuine dispute.** The District does not dispute that Sgt. Martin communicated with OHR regarding OHR's investigation into Jones's complaint and regarding OHR's lack of jurisdiction over DCNG, a federal agency.<br><br>**No material dispute.** The fact that Sgt. Martin communicated with OHR about its investigation of Jones's sexual harassment complaint is not material to the resolution of the District's motion. |
| Clayton SMF No. 50 | Nevertheless, DCNG, said it requires a "written request for [Sergeant Martin] to act in the capacity of an EEO Counselor" in the Jones matter. Sharpe Depo. Ex. 9 **(Ex. 50)**; Sharpe, DC Corp. Designee Depo., at 31:14-32:4 **(Ex. 43)**. DC confirmed that it has never seen a situation where another agency was requesting to act in the capacity of an EEO counselor. Sharpe, DC Corp. Designee Depo., at | **No material dispute.** DCNG's procedures and response to OHR's request for information relating to Jones's sexual harassment complaint is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | 32:10-13 **(Ex. 43)**. This was an "unusual request" and DC had never received a request like that before or after this incident. Sharpe, DC Corp. Designee Depo., at 32:14-18 **(Ex. 43)**. | |
| Clayton SMF No. 51 | DC invited DCNG to submit a motion to dismiss. Sharpe Depo. Ex. 9 **(Ex. 50)**. | **Undisputed and immaterial.** The fact that OHR informed DCNG it could submit a motion to dismiss if DCNG believed OHR lacked jurisdiction over DCNG is not material to the resolution of the District's motion. The District refers the Court to plaintiff's Exhibit 50, which is the best evidence of its content. |
| Clayton SMF No. 52 | Nothing was done on Ms. Jones's sexual harassment complaint between June 2010 and December 2010. Sharpe, DC Corp. Designee Depo., at 39:15-18 **(Ex. 43)**. | **No material dispute.** The progress of Jones's sexual harassment complaint is not relevant to the resolution of the District's motion. |
| Clayton SMF No. 53 | Instead, on December 6, 2010, DC simply dismissed the complaint. Sharpe Depo. Ex. 10 **(Ex. 51)**; Sharpe, DC Corp. Designee Depo., at 39-40 **(Ex. 43)**. | **No material dispute.** The outcome of Jones's sexual harassment complaint is not relevant to the resolution of the District's motion. |
| Clayton SMF No. 54 | DCNG has no policies or procedures related to state employees making EEO complaints. Johnson, DCNG Corp. Designee Depo., at 40:11-22 **(Ex. 52)**. Instead, it would refer them to the DC government | **No material dispute.** The fact that DCNG lacked policies or procedures relating to EEO complaints made by state or District of Columbia employees and would refer such |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | for action. Johnson, DCNG Corp. Designee Depo., at 33:9-21; 36:21-37:3 **(Ex. 52)**. | employees to the District for action is not relevant to the resolution of the District's motion. |
| Clayton SMF No. 55 | DCNG maintains hard and electronic files of complaints from 2010-2017, and the files are not routinely destroyed. Johnson, DCNG Corp. Designee Depo., at 45-48 **(Ex. 52)**. The files include not only formal complaints made with the DCNG but also complaints to other agencies or even phone calls with complaints. Johnson, DCNG Corp. Designee Depo., at 49:17-50:11**(Ex. 52)**. | **No material dispute.** How DCNG maintains its files is not relevant to the resolution of the District's motion. |
| Clayton SMF No. 56 | Ms. Johnson specifically searched the files for the name Jones. Johnson, DCNG Corp. Designee Depo., at 47:1-6 **(Ex. 52)**. Although DCNG exchanged phone calls, received documents, and had meetings, *e.g.*, Sharpe, DC Corp. Designee Depo. Exs. 5, 9, 10 **(Ex. 46, 50-51))**, DCNG now has *no* files or records related to the Jones complaint. Johnson, DCNG Corp. Designee Depo., at 15:21-16:12; 17:10-17; 18:13-19:5 **(Ex. 52)**. | **No material dispute.** DCNG's search, files, and records are not relevant to the resolution of the District's motion. |
| Clayton SMF No. 57 | After Ms. Clayton provided aid and assistance to Ms. Jones in her sexual harassment matter against General Schwartz, he distinctly threatened her employment three times – each time with a notable event attached to it. General Schwartz threatened Ms. Clayton's employment in January 2010, April 2010, and September 2010. Clayton Depo., at 134:4-137:17 **(Ex. 14)**; *See also* Plaintiff's Responses to DC Interrogatories, No. 5. | **No genuine dispute.** The record evidence cited consists of self-serving, hearsay testimony, which does not suffice to create a genuine issue of material fact. *See Burton*, 153 F. Supp. 3d at 24; *Greer*, 505 F.3d at 1315 (noting that hearsay "counts for nothing" at the summary judgment stage). The record evidence cited in any event demonstrates, by plaintiff's own testimony, that each alleged threat was un-related to plaintiff's sex or supposed protected activities but instead independently precipitated by Gen. Schwartz's frustration over plaintiff's unavailability because she was |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | | making a personal phone call (January 2010), plaintiff's unavailability because of she was on the telephone (April 2010), and a dispute over a "smart remark" made while plaintiff was discussing a leave request with Gen. Schwartz (September 2010). *See* DC SMF ¶¶ 17–19. |
| Clayton SMF No. 58 | The threat in or about January 2010 was shortly after Ms. Jones initiated her sexual harassment complaint; the threat in or about April 2010 was shortly after DC OHR prepared and delivered the Charge to DCNG and Ms. Clayton provided further assistance to Ms. Jones; and the September 2010 threat was after the DC OAG opinion and just prior to or after the change of Ms. Clayton's employment from Career Service to Management Supervisory. | **No genuine dispute.** Plaintiff cites no record evidence to support these assertions. |
| Clayton SMF No. 59 | In January 2010, General Schwartz threatened Plaintiff's employment, stating "we'll see who's sitting in that chair come October 1." Clayton Depo., at 134:16-18 **(Ex. 14)**. | **No genuine dispute.** The record evidence cited for this paragraph consists of self-serving hearsay testimony, which "counts for nothing" at the summary judgment stage. *See Greer*, 505 F.3d at 1315; *Burton*, 153 F. Supp. 3d at 24. |
| Clayton SMF No. 60 | In April 2010, General Schwartz again told Ms. Clayton, "We'll see who's sitting in that chair on October 1." Clayton Depo., at 135:22-23 **(Ex. 14)**. | **No genuine dispute.** The record evidence cited for this paragraph consists of self-serving hearsay testimony, which "counts for nothing" at the summary judgment stage. *See Greer*, 505 F.3d at 1315; *Burton*, 153 F. Supp. 3d at 24. |
| Clayton SMF No. 61 | In the spring of 2010 Ms. Clayton reported to General Ricket General Schwartz's threat that "we'll see who's sitting in that seat in October." Ricket Depo., at 72:21-73:9 **(Ex. 10)**. Ms. Clayton reported this particular threat to General Ricket | **No genuine dispute.** The cited testimony consists of double hearsay, including a conversation at which Gen. Ricket acknowledge he was not present. As such, it is not competent evidence. *See Greer*, 505 F.3d at 1315. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | the same day it happened. Ricket Depo., at 77:18-78:6 **(Ex. 10)**. | **No material dispute.** Gen. Ricket cannot recall why plaintiff came to him or any other circumstances surrounding the alleged statement. *See* Opp'n Ex. 10 at 73:10–17. |
| Clayton SMF No. 62 | In September 2010, General Schwartz again threatened Plaintiff, stating, "we'll see who's sitting in that chair when you – come October 1." Clayton Depo., at 137:15-17 **(Ex. 14)**. | **No genuine dispute.** The record evidence cited for this paragraph consists of self-serving hearsay testimony, which "counts for nothing" at the summary judgment stage. *See Greer*, 505 F.3d at 1315; *Burton*, 153 F. Supp. 3d at 24. |
| Clayton SMF No. 63 | General Schwartz requested an opinion letter from the DC Attorney General, Peter J. Nickles related to his authority over DC employees. Thompson, DC Corp. Designee Depo., at 17:20-18:1; 23:11-15 **(Ex. 38)**. See also AG Opinion letter **(Ex. 60)**. | **Undisputed**. The District does not dispute that Gen. Schwartz requested an opinion from the District of Columbia Office of the Attorney General. |
| Clayton SMF No. 64 | General Schwartz had no explanation for why he was questioning the DC Attorney General about Ms. Clayton's disciplinary authority or his own authority over DC government personnel. Schwartz Depo., at 222:7-224:7 **(Ex. 20)**. | **No genuine dispute**. The record evidence cited by plaintiff indicates that Gen. Schwartz does not recall why he requested the opinion letter.<br><br>**No material dispute**. Whether Gen. Schwartz needed an explanation to request an opinion from the District of Columbia Office of the Attorney General is not material to the resolution of the District's motion. |
| Clayton SMF No. 65 | The Attorney General issued his opinion on August 27, 2010, explaining the complex nature of the relationship between DC and DCNG. Attorney General Opinion **(Ex. 60)**. | **No genuine dispute**. The District does not dispute that the letter explains the reporting relationship between DCNG and the Government Operations Division. The District refers the Court to plaintiff's Ex. 60 as the best evidence of its contents. |
| Clayton SMF No. 66 | Both before and after the AG opinion letter Ms. Clayton reported to both the commanding general and the mayor and city administrator. Thompson, | **No material dispute**. The letter noted that Gen. Schwartz could "collaborate with District officials regarding the personnel matters of the Division," and the Mayor "shall exercise supervisory authority over the Director of the |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | DC Corp. Designee Depo., at 61:13-16; 62:21-63:17 **(Ex. 38)**. | Division on matters that pertain to the personnel affairs of District employees." |
| Clayton SMF No. 67 | Both before and after the opinion, the commanding general was free to confer with DC on personnel decisions, could participate in disciplinary actions, and even initiate it. Thompson, DC Corp. Designee Depo., at 63:18-65:5 **(Ex. 38)**. | The District refers the Court to its response to paragraph 11. |
| Clayton SMF No. 68 | Ms. Clayton's direct supervisor was Mr. Albert and she had a "quasi" relationship with General Schwartz as head of the National Guard where she was stationed. Gregory Depo., at 94:11-25; 114:23-115:8 **(Ex. 33)**. However, as her direct supervisor, Albert retained the authority to terminate Ms. Clayton. Gregory Depo., at 98:11-14; 122:21-23; 134:3-12 **(Ex. 33)**. | **No material dispute**. Plaintiff was the director of the Division and, as such, did not have a "direct supervisor" within the District of Columbia government. |
| Clayton SMF No. 69 | Despite Ms. Clayton being the director of the very agency at issue, she was not sent a copy of the Attorney General's opinion. *See* Attorney General Opinion, at 3 **(Ex. 60)** (Clayton not cc'd on opinion); Thompson, DC Corp. Designee Depo., at 25:11-20 **(Ex. 38)**. DC has no explanation for this. Thompson, DC Corp. Designee Depo., at 27:7-22 **(Ex. 38)**. | **Undisputed and immaterial**. Whether the opinion letter was addressed to plaintiff, or included her on a list of copied recipients, is not material to the resolution of the District's motion. |
| Clayton SMF No. 70 | In the proposed Memorandum of Understanding ("MOU") attached to the AG Opinion letter, it was clear that Ms. Clayton was anticipated to *not* be the representative of the Government Operations Division for DCNG. The MOU, prepared by DC, contained a notification space for the authorized representatives of DCNG and DC. Although DC | **No material dispute**. Whether plaintiff was identified as a signatory to a draft MOU that was never executed is not material to the resolution of the District's motion. Moreover, this paragraph consists of "[t]he mere arguments of counsel," which is "not evidence that may be used to defeat a motion for summary judgment." *Deloatch v. Harris* |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | indicated that General Schwartz was the authorized representative for DCNG, it specifically left blank the space for the authorized representative on behalf of the Government Operations Division. Ex. 40, Attorney General Opinion, MOU; Thompson, DC Corp. Designee Depo. Ex. 12 **(Ex. 40)**; Thompson, DC Corp. Designee Depo., at 28:1-29:10.4 **(Ex. 38)**. | *Teeter, Inc.*, 797 F. Supp. 2d 48, 57 (D.D.C. 2011) (internal quotation marks and citation omitted). |
| Clayton SMF No. 71 | DC has no contention as to why it did not list Ms. Clayton as the authorized representative of the Government Operations Division. *Id.* | **No material dispute**. Whether plaintiff was identified as "the authorized representative of the Government Operations Division" to a draft MOU that was never executed is not material to the resolution of the District's motion. |
| Clayton SMF No. 72 | A prior Memorandum of Understanding in August 2009 specifically listed Betty Clayton as the point of contact for the Government Operations of DCNG. Schwartz Depo. Ex. 30, at 6 **(Ex. 31)**. | **Undisputed and immaterial**. The District does not dispute that plaintiff was listed as a "point of contact" in the referenced document. |
| Clayton SMF No. 73 | The prior Government Operations Director, Anthony Devassey, was initially terminated by the then-commanding general of DCNG, General Wherley, on April 11, 2008 upon the expiration of his H1-B Visa. Gregory Depo. Ex. 11 **(Ex. 36)**. However, the termination by DCNG was ineffective. Gregory Depo. Ex. 11 **(Ex. 36)**. | **Undisputed and immaterial**. The District does not dispute that Anthony Devassey was terminated and that he appealed his termination; the District refers the Court to plaintiff's Exhibit 36, which is the best evidence of its content and which plaintiff mischaracterizes. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 74 | On April 21, 2008, Brender Gregory, DC Human Resources Director, "rescinded" General Wherley's termination letter and placed Mr. Devassey on administrative leave. Gregory Depo. Ex. 11 **(Ex. 36)**; Gregory Depo. Ex. 12 **(Ex. 37)**. | **No genuine dispute**. The District does not dispute that the referenced letter purported to rescind the April 11, 2008 termination letter and place Devassey on administrative leave pending final resolution. |
| Clayton SMF No. 75 | After investigation, on May 2, 2008 Ms. Gregory observed that DCNG had no obligation to extend his visa. Gregory Depo. Ex. 12 **(Ex. 37)**. At that point, *DC Human Resources* terminated Mr. Devassey's employment, effective May 14, 2008. Gregory Depo. Ex. 12 **(Ex. 37)**. Thus, in 2008 DC likewise was exercising final supervisory authority over the Government Operations Director of DCNG. | **No genuine dispute**. The District does not dispute that the referenced letter concluded that DCNG had no obligation to apply for or approve of Devassey's request for a visa extension; the District refers the Court to plaintiff's Exhibit 37, which is the best evidence of its content and which plaintiff mischaracterizes by using legal conclusions. |
| Clayton SMF No. 76 | Ms. Clayton's predecessor as Government Operations Director, Anthony Devassey, was also "hired" by DCNG. Brown, DC Corp. Designee Depo., at 105:3-12 **(Ex. 12)**. | **Undisputed and immaterial**. Whether Devassey was "hired" by DCNG or another component is not material to the resolution of the District's motion; plaintiff's use of quotation marks further suggests that this is a legal conclusion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 77 | He too was a career service employee, not management supervisory. Brown, DC Corp. Designee Depo., at 106:16-22 **(Ex. 12)**. | **No genuine dispute.** The District does not dispute that Devassey was classified as a Career Service employee prior to the termination of his employment due to the expiration of his visa. Ex. 37. |
| Clayton SMF No. 78 | The provision of law purporting to require Ms. Clayton's conversion from CS to MSS was in place at the time Mr. Devassey was hired. Brown, DC Corp. Designee Depo., at 107:15-18 **(Ex. 12)**. *See also* D.C. Code § 1–609.58. | **Undisputed and immaterial**. The District refers the Court to D.C. Code § 1–609.58, which provides: "A person currently holding an appointment to a position in the Excepted Service … who meets the definition of 'management employee' … may, at the discretion of the personnel authority, be appointed noncompetitively to the Management Supervisory Service …." |
| Clayton SMF No. 79 | On September 27, 2010, the District of Columbia converted Ms. Clayton's employment from Career Service to Management Supervisory Service. Gregory Depo. Ex. 6 **(Ex. 35)**. | **Undisputed**. The District refers the Court to plaintiff's Exhibit 35, which is the best evidence of its content. |
| Clayton SMF No. 80 | The notice specifically advised that Ms. Clayton would no longer have career service protections, she would be at-will, and that if she declined to accept the transfer, she would be transferred to a vacant career service position – although if no positions | **Undisputed and immaterial**. The District does not dispute that if plaintiff declined to accept the conversion and no Career Service vacancy was available, she would receive a 30-day notice of separation; the District refers the Court to |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | were available, her employment would be terminated. Gregory Depo. Ex. 6 (**Ex. 33**). | plaintiff's Exhibit 35 (not Exhibit 33), which is the best evidence of its content. |
| Clayton SMF No. 81 | DC issued a second notification the following day, this time citing the Attorney General's opinion to General Schwartz as its basis. Gregory Depo. Ex. 5 **(Ex. 34)**. | **No genuine dispute**. The District does not dispute that DCHR issued a memorandum (citing D.C. Code § 1-609.58(a)) to plaintiff on September 28, 2010. The District refers the Court to plaintiff's Exhibit 34, which is the best evidence of its content. |
| Clayton SMF No. 82 | There is nothing in the Attorney General's letter requiring Ms. Clayton to be converted from CS to MSS. Thompson, DC Corp. Designee Depo., at 83:2-6 **(Ex. 38)**. Nobody stated that it was required. Thompson, DC Corp. Designee Depo., at 83:7-13 **(Ex. 38)**. | **No genuine dispute**. The District does not dispute that the opinion letter did not "require" plaintiff's conversion; the District refers the Court to plaintiff's Exhibit 40, which is the best evidence of the letter's content.<br><br>**No material dispute**. Whether the letter purported to require plaintiff's conversion from CS to MSS is not material to the resolution of the District's motion. |
| Clayton SMF No. 83 | DC has no contention as to *who* made the decision to convert Ms. Clayton's employment from CS to MSS. Thompson, DC Corp. Designee Depo., at 84:11-13 **(Ex. 38)**. | **No genuine dispute**. Gregory testified that once the opinion letter clarified that District laws and regulations applied, District law *required* that plaintiff's supervisory position as Director of the Division be classified under the Management Supervisory Service—no "decision" was required, as it was ministerial. *See* DC MSJ Ex. 15 (Gregory Dep. Tr.) at 25:9–26:1, 26:10–18. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 84 | Ms. Gregory signed the written notification to Ms. Clayton informing her of the conversion, but does not recall who made the decision to convert her to MSS. Gregory Depo., at 27:12-28:9; 48:10-24 **(Ex. 33)**. She does not know why the position was not converted prior to September 28, 2010 or whether Ms. Clayton's position was looked at specifically. Gregory Depo., at 49:7-13; 50:5-24 **(Ex. 33)**. | **Undisputed and immaterial**. Gregory testified that there was no "decision" to convert plaintiff, as it was a ministerial act. *See* DC MSJ Ex. 15 (Gregory Dep. Tr.) at 25:9–26:1, 26:10–18. Further, whether Gregory remembers the reason "why the position was not converted prior to September 28, 2010" is not material to the resolution of the District's motion. |
| Clayton SMF No. 85 | Mr. Albert, Ms. Clayton's purported supervisor, denied involvement in the decision to transfer her position from CS to MSS, Albert Depo., at 15:25-16:3 **(Ex. 55)**, and was not aware of any review of positions at the DCNG took place to consider whether to transfer positions from CS to MSS. Albert Depo., at 18:12 **(Ex. 55).** Nevertheless, Ms. Gregory confirmed that she would not convert the employment from CS to MSS without discussing it with Mr. Albert. Gregory Depo., at 141:11-15 **(Ex. 33)**. | **No genuine dispute**. Albert testified that he does not specifically recall involvement in plaintiff's conversion, and that his schedule was "heavily packed." *See* DC MSJ Ex. 25 (Albert Dep. Tr.) at 65:21–66:9. |
| Clayton SMF No. 86 | DC *assumed* that the decision to terminate Ms. Clayton's employment was made after the conversion but does not know that to be a fact. Thompson, DC Corp. Designee Depo., at 117:8-16 **(Ex. 38)**. | **No material dispute**. The assumptions of a government entity regarding *when* it "decided" to terminate plaintiff's employment are not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 87 | There were no vacant CS positions in the Government Operations Division and if there are no such vacant positions then the employee will be terminated. Thompson, DC Corp. Designee Depo., at 85:1-15 **(Ex. 38)**; Gregory Depo. Ex. 6, at 1, 3 **(Ex. 33)**. | **No genuine dispute**. The District does not dispute that if plaintiff declined to accept her conversion to MSS and no Career Service vacancies were available, she would have received a 30-day notice of separation; the District refers the Court to plaintiff's Exhibit 35 (not Exhibit 33), which is the best evidence of its content. |
| Clayton SMF No. 88 | Thus, the District conceded that Ms. Clayton's "choice" was really no choice at all: either accept the conversion to MSS or be terminated. Thompson, DC Corp. Designee Depo., at 86:16-87:3 **(Ex. 38)**. | **No genuine dispute**. The District does not dispute that if plaintiff declined to accept her conversion to MSS and no Career Service vacancies were available, she would have received a 30-day notice of separation; the District refers the Court to plaintiff's Exhibit 35, which plaintiff mischaracterizes by using legal conclusions to summarize deposition testimony. |
| Clayton SMF No. 89 | On October 26, 2010, without any progressive discipline or formal warning, DC, via City Administrator Neil Albert, terminated Ms. Clayton's employment, effective November 10, 2010. Albert Depo. Ex. 3 **(Ex. 56)**. | **No genuine dispute**. The District does not dispute that Albert issued a letter on October 26, 2010 terminating plaintiff's employment with the District; the District refers the Court to plaintiff's Exhibit 56, which is the best evidence of its content.<br><br>**No material dispute**. The imposition of "progressive discipline" or the issuance of a "formal warning" is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 90 | Mr. Albert had no reason to believe that Ms. Clayton's job performance was anything less than satisfactory and did not even make any inquiry into her job performance. Albert Depo., at 53:6-13 **(Ex. 55)**. | **No genuine dispute**. The District does not dispute that Albert had "no reason to speculate one way or the other about her job quality" and that he does not recall making an inquiry into plaintiff's job performance. |
| Clayton SMF No. 91 | Ms. Clayton was in the protected CS status for two years prior to being converted to MSS, and was terminated just one month after the conversion. Thompson, DC Corp. Designee Depo., at 43:15-44:1 **(Ex. 38)**. | **No genuine dispute**. The District does not dispute that plaintiff accepted a position as Director of the Government Operations Division in June 2008; that DCHR issued a letter to plaintiff regarding her conversion on September 27, 2010; or that Albert issued a letter terminating plaintiff's employment with the District on October 26, 2010. |
| Clayton SMF No. 92 | Ms. Clayton was not a security risk to the federal government, DC, or the DCNG. Thompson, DC Corp. Designee Depo., at 56:10-22 **(Ex. 38)**. | **No material dispute**. Whether plaintiff was a "security risk" is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 93 | Ms. Gregory, Director of Human Resources, stated that Mr. Albert retained the authority to terminate Ms. Clayton. Gregory Depo., at 98:11-14; 122:21-23; 134:3-12 **(Ex. 33)**. | **No genuine dispute**. The District does not dispute that, as the City Administrator, Albert had the authority to terminate plaintiff in accordance with District regulations. |
| Clayton SMF No. 94 | Ms. Gregory did not make the decision about whether to terminate directors. Gregory Depo., at 39:4-7 **(Ex. 33)**. Instead, it was the decision of the mayor and/or the city administrator whether to terminate a director. Gregory Depo., at 36:18-20; 98:11-14 **(Ex. 33)**. | **No genuine dispute**. The District does not dispute that, as the City Administrator, Albert had the authority to terminate plaintiff in accordance with District regulations.<br><br>**No material dispute**. Whether Gregory, the Mayor, or the City Administrator made the decision to terminate directors is not material, as none of them was even aware of plaintiff's purported disclosures or reporting activities. |
| Clayton SMF No. 95 | Neil Albert was the City Administrator of DC Government from June 2009 through December 2010. Albert Depo., at 7:8-12 **(Ex. 55)**. | **No genuine dispute**. The District does not dispute that Albert was the City Administrator during this time. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 96 | Other than at his deposition, he doesn't believe he ever met with Ms. Clayton. Albert Depo., at 10:19-23 **(Ex. 55)**. | **No genuine dispute**. The District does not dispute that Albert does not know plaintiff personally or recall meeting her. |
| Clayton SMF No. 97 | Mr. Albert admits signing the letter terminating Ms. Clayton's employment. Albert Depo., at 19:20 **(Ex. 55)**. However, he paradoxically denied making the decision to terminate her employment. Albert Depo., at 19:21-24 **(Ex. 55)**. He further claimed that he was not even aware of who did make the termination decision. Albert Depo., at 20:3-5 **(Ex. 55)**. While acknowledging signing the termination letter, he claimed that he has "no recollection" of Ms. Clayton's termination. Albert Depo., at 30:23-32:21 **(Ex. 55)**. | **No genuine dispute**. The District does not dispute that Albert signed plaintiff's termination letter and that he does not recall the circumstances surrounding plaintiff's termination.<br><br>**No material dispute**. Whether Albert made the decision, or was aware of who made the decision, to terminate plaintiff's employment is not material, as plaintiff has failed to show that Albert was aware of any of her purported disclosures or reporting activities. |
| Clayton SMF No. 98 | Mr. Albert recognized that there must be a "justifiable reason" to terminate Ms. Clayton's employment. Albert Depo., at 21: 4:9. He does not recall any "investigation" bearing on the decision to terminate Ms. Clayton's employment. Albert Depo., at 21:25-22:12 **(Ex. 55)**. | **No genuine dispute**. The District does not dispute that when it terminates an employee, there are justifiable, legally valid reasons for doing so.<br><br>**No material dispute**. The District does not dispute that Albert does not recall whether there was an otherwise unspecified investigation concerning plaintiff at the time of her termination. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 99 | Mr. Albert was involved in "high-level" decisions, Albert Depo., at 66: 10-12 **(Ex. 55)**, and terminating one of the approximately 72 government directors was a "high-level decision." Albert Depo., at 67:21-24 **(Ex. 55)**. Nevertheless, he claimed not know why she was being terminated or who was involved in the decision. Albert Depo., at 21:10-15 **(Ex. 55)**. | **No genuine dispute**. The District does not dispute that, as the City Administrator, Albert made "high level decisions" or that he believed terminating a director was such a decision. The District also does not dispute that Albert does not recall "the specifics" of plaintiff's termination.<br><br>**No material dispute**. Whether Albert knew why plaintiff was being terminated or who was "involved" in the decision to terminate her is not material, as plaintiff has failed to show that Albert was aware of any of her purported disclosures or reporting activities. |
| Clayton SMF No. 100 | The day after Ms. Clayton received the termination notice, she asked Barry Kreiswirth of the City Administrator's Office why she was terminated. He advised that she needed to speak with Mr. Albert. Clayton Depo., at 191:13-21 **(Ex. 14)**. Ms. Clayton called Mr. Albert on several occasions but he never took her call. Clayton Depo., at 191:22-24 **(Ex. 14)**. | **No genuine dispute**. The District does not dispute that plaintiff stated that she asked Barry Kreiswirth why she had been terminated.<br><br>**No material dispute**. Whether Albert responded to plaintiff following her termination is not material to the resolution of the District's motion. |
| Clayton SMF No. 101 | Mr. Albert denied recalling any involvement by DCNG in the termination of Ms. Clayton. Albert Depo., at 22:16-18 **(Ex. 55).** However, although he could not recall any involvement by DCNG, he admitted that does not mean it didn't happen. Albert Depo., at 25:5-9 **(Ex. 55)**.5 | **No genuine dispute**. The District does not dispute that Albert does not recall if DCNG was "involved" in plaintiff's termination.<br><br>**No material dispute**. The extent of DCNG's involvement, if any, is not material to the resolution of the District's motion. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 102 | He is familiar with General Schwartz. Albert Depo., at 10:24-11:2 **(Ex. 55)**. He doesn't remember any specific dates of meetings, but he had "interacted with General Schwartz" in his role as agency head of the DCNG in 2010. Albert Depo., at 37:21-38:7 **(Ex. 55)**. | **No genuine dispute**. The District does not dispute that Albert interacted with Gen. Schwartz, as Gen. Schwartz was the Commanding General of DCNG. |
| Clayton SMF No. 103 | Brender Gregory recalled Mr. Albert stating General Schwartz claimed that he was not able to gain "cooperation" from Ms. Clayton. Gregory Depo., at 60:12-17 (**Ex. 33)**. Ms. Gregory specifically recalls Mr. Albert telling her this. Gregory Depo., at 61:2-8; 93:19-22; 99:24-100:1 **(Ex. 33)**. | **No genuine dispute**. Ms. Gregory's testimony regarding what Gen. Schwartz said to Albert, or what Albert said to her, are not material to the resolution of the District's motion, and Gregory herself testified that she was just "speculating." *See* Ex. 33 at 60:19–21; *Greer*, 505 F.3d at 1315. |
| Clayton SMF No. 104 | DC claims that the mayor at the time, Mayor Adrian Fenty, was the decision-maker to terminate Ms. Clayton's employment with the District. Thompson, DC Corp. Designee Depo., at 32:1-3 **(Ex. 38)**. DC also contended that Mayor Fenty and Neil Albert communicated regarding the termination of Ms. Clayton. Thompson, DC Corp. Designee Depo., at 33:15-19 **(Ex. 38)**. | **No genuine dispute**. As the letter notes, "the Mayor shall exercise supervisory authority over the Director." *See* Ex. 40.<br><br>**No material dispute**. Whether Mayor Fenty ever communicated with Albert regarding plaintiff's termination is not material to the resolution of the District's motion, as plaintiff has failed to show that Mayor Fenty or Albert was aware of any of her purported disclosures or reporting activities. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 105 | Mayor Fenty denied any involvement or knowledge of the decision to terminate Ms. Clayton's employment. Fenty Affidavit, at ¶ 2 **(Ex. 59)**. Mayor Fenty stated that he has "no personal knowledge or recollection of Betty Clayton," and he "had no involvement in the conversion of Ms. Clayton's position to the Management Supervisory Service or the decision to terminate her employment." Fenty Affidavit, at ¶ 2 **(Ex. 59)**. | **No genuine dispute**. The District does not dispute that Mayor Fenty had no involvement in the decision to terminate plaintiff's employment, and refers the Court to plaintiff's Exhibit 59, which is the best evidence of its content.<br><br>**No material dispute**. Whether Mayor Fenty had involvement or knowledge of the decision to terminate plaintiff is not material, as plaintiff has failed to show that Mayor Fenty was aware of any of her purported disclosures or reporting activities. |
| Clayton SMF No. 106 | Brender Gregory believes that General Schwartz would have conferred with DC officials related to the termination of Ms. Clayton's employment. Gregory Depo., at 57:25-58:6 **(Ex. 33)**. | **No genuine dispute**. The District does not dispute that Gregory testified that she "believe[s] that [Gen. Schwartz] would have conferred" with District officials.<br><br>**No material dispute**. The testimony plaintiff cites is not competent evidence because it is speculation, and counsel for DCNG objected on that basis. *See* Ex. 33 at 58:4. The speculative nature of the testimony is further emphasized by the form of the question to which it responds. *See id.* at 57:25–58:1 ("Well, suppose it was Ms. Clayton's termination…."). |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 107 | General Schwartz claimed to "have no idea" why or how Ms. Clayton was terminated. Schwartz Depo., at 162:15-21 **(Ex. 20)**. According to General Schwartz's testimony, one day Ms. Clayton was present and the next she was simply gone. Schwartz Depo., at 162:22-163:2 **(Ex. 20)**. | **No genuine dispute**. The District does not dispute that Gen. Schwartz does not recall the circumstances surrounding plaintiff's termination.<br><br>**No material dispute**. Gen. Schwartz's personal knowledge of the legitimate, nondiscriminatory reasons for plaintiff's termination is not material to the resolution of the District's motion. |
| Clayton SMF No. 108 | Although DC denied communications between it and DCNG related to the termination of Ms. Clayton's employment, its only basis for stating that is that it was advised as such by its attorneys. Thompson, DC Corp. Designee Depo., at 36:16-37:9 **(Ex. 38)**. | **No genuine dispute**. The District does not dispute that Thompson did not review emails between the Office of the City Administrator and DCNG. *See* Ex. 38 at 36:12–15. Moreover, plaintiff's statement mischaracterizes the cited testimony.<br><br>**No material dispute**. Standing alone, communications between the District and DCNG regarding plaintiff's termination are not material, as the District does not have the burden of disproving communications, which are not relevant to plaintiff's claims in any event. |
| Clayton SMF No. 109 | However, Brender Gregory recalls Mr. Albert telling her that he had communications with General Schwartz related to "cooperation" with Ms. Clayton. Gregory Depo., at 60:12-61:14 **(Ex. 33)**; Gregory Depo., at 93:19-22 **(Ex. 33)**; Gregory Depo., at 99:12-100:1 **(Ex. 33)**; Gregory Depo., at 136:24-137:21 **(Ex. 33)**. The purported "cooperation" issue was not related to Ms. Clipper. Gregory Depo., at 137:22-24 **(Ex. 33)**. | **No genuine dispute.** All of the testimony plaintiff cites consists of hearsay or double hearsay, including numerous conversations at which Gregory was not present. As such, it is not competent evidence. *See Greer*, 505 F.3d at 1315 (noting that hearsay "counts for nothing" at the summary judgment stage).<br><br>**No material dispute**. Plaintiff's cooperation or relationship with Gen. Schwartz, and whether it was related to Clipper, |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| | | is not material, as the District does not contend that this was one of the reasons that plaintiff was terminated. |
| Clayton SMF No. 110 | Ms. Clayton had no performance issues according to both General Schwartz and DC. *Supra*, at § II.b. *See also* Schwartz Depo. Ex. 9; Schwartz Depo., at 75:17-78:5; 79:21-93:21 **(Ex. 20)**. Her employment performance was top possible and exceeded expectations from the start through the time of her termination. Schwartz Depo., at 78:6-12 **(Ex. 20)**; Schwartz Depo., at 78:13-79:20 **(Ex. 20)**. | **No genuine dispute**. The District does not dispute that Gen. Schwartz gave plaintiff a favorable performance evaluation in September 2009; the District refers the Court to plaintiff's Exhibit 21 (*i.e.*, Schwartz Dep. Ex. 9), which is the best evidence of its content. To the extent that plaintiff is citing § II.b in support of this paragraph, that is not part of the record in this case, and consists of the argument of counsel, which is "not evidence that may be used to defeat a motion for summary judgment." *Deloatch*, 797 F. Supp. 2d at 57 (internal quotation marks and citation omitted). |
| Clayton SMF No. 111 | The only area that Ms. Clayton was not "cooperating" with General Schwartz and his staff were their attempts to pressure her and Ms. Jones to not report and press the sexual harassment matter. *See supra*, at § II.d. | **No genuine dispute**. Plaintiff identifies no record evidence whatsoever in support of this paragraph, which cites a section from plaintiff's brief. Thus, this paragraph consists entirely of "[t]he mere arguments of counsel," which is "not evidence that may be used to defeat a motion for summary judgment." *Deloatch*, 797 F. Supp. 2d at 57 (internal quotation marks and citation omitted). |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 112 | DCNG has no contention one way or the other as to the reason for Ms. Clayton' s position being reclassified from CS to MSS. Forrest, DCNG Corp. Designee Depo., at 142:17-143:1. DCNG also has no position as to the reason for Ms. Clayton's termination. Forrest, DCNG Corp. Designee Depo., at 143:2-6 **(Ex. 58)**. | **No genuine dispute**. The District does not dispute that Lt. Col. Forrest stated that DCNG had no position regarding plaintiff's reclassification from CS to MSS or her termination.<br><br>**No material dispute**. Whether DCNG had a position regarding plaintiff's reclassification or termination is immaterial, given that plaintiff was a District of Columbia employee, and both actions were handled by District agencies. |
| Clayton SMF No. 113 | Each putative "decision-maker" denied any involvement in the decision to terminate Ms. Clayton's employment. The following chart displays the finger-pointing and circular denials of the decision-makers: | **No genuine dispute**. Gregory testified that once the opinion letter clarified that District laws and regulations applied, District law *required* that plaintiff's supervisory position as Director of the Division be classified under the Management Supervisory Service—no "decision" was required, as it was ministerial. *See* DC MSJ Ex. 15 (Gregory Dep. Tr.) at 25:9–26:1, 26:10–18.<br><br>Plaintiff's chart simply recapitulates the contents of paragraphs 94, 97, 104, 105, 107, and 112; the District refers the Court to its responses to those paragraphs above.<br><br>**No material dispute**. Whether Gregory, Albert, or Mayor Fenty made the decision to terminate plaintiff is not material, as none of them was even aware of plaintiff's purported disclosures or reporting activities. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 114 | After Ms. Clayton was terminated, DC elevated one of her direct reports, Herman Preston. Albert Depo. Ex. 6 **(Ex. 57)**. A contemporaneous e-mail states that "Neil," Mr. Albert, wanted Herman Preston to be appointed interim director. *Id.* However, Mr. Albert also claimed to "have no knowledge" as to who replaced Ms. Clayton, 22:19-22 **(Ex. 14)**. | **No genuine dispute**. The District does not dispute that Herman Preston was appointed as interim director of the Government Operations Division in October 2010; the District refers the Court to plaintiff's Exhibit 57, which is the best evidence of its content.<br><br>**No material dispute**. Albert's inability to recall who replaced plaintiff as director in October 2010 at his March 2017 deposition is not material to the resolution of the District's motion. |
| Clayton SMF No. 115 | General Schwartz was familiar with Mr. Preston. Schwartz Depo., at 37-39:1 **(Ex. 20)**. | **No genuine dispute**. The District does not dispute that Preston was an acquaintance of Gen. Schwartz. |
| Clayton SMF No. 116 | As far as the District of Columbia knew, Mr. Preston, a male, had far less experience than Ms. Clayton and was not aware of *any* qualifications he had for the job. Thompson, DC Corp. Designee Depo., at 100:20-111:15 **(Ex. 38)**. | **No genuine dispute**. The record evidence shows that Preston had extensive experience within DCNG and the Government Operations Division, and his qualifications included his previous titles as a senior budget analyst, senior program analyst, and supervisor. *See* Ex. 31 (Feb. 8, 2017 Preston Dep. Tr.) at 30:10–31:15, 32:13–16, 39:1–15.<br><br>**No material dispute**. The testimony that plaintiff cites was elicited over the ongoing objections of counsel for the District as outside the scope of the topic areas for which Thompson had been designated. |

| No. | Plaintiff's SMF | DC's Reply |
|---|---|---|
| Clayton SMF No. 117 | DC's purported basis for promoting Mr. Preston, that he was the "deputy director," is simply not true. Mr. Preston, also a DC Corporate Designee, confirmed that he was not the deputy director, there was not such position as deputy director, and he never suggested that to anyone. Preston Corp. Designee Depo., at 15:19-16:13 **(Ex. 54)**. | **No genuine dispute**. Preston was second in command at the Government Operations Division at the time of plaintiff's termination, and his position was "somewhere along the lines of deputy director." Ex. 38 at 67:14–68:1.<br><br>**No material dispute**. Preston's precise job title, and whether the position of "deputy director" existed at the time of plaintiff's termination, is not material to the resolution of the District's motion. |